UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NANCY WILSON,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 05-10613 MLW |
| HOME DEPOT USA, INC.,<br>THE HOME DEPOT, INC.,<br>THE HOME DEPOT SUPPLY, INC. | )<br>)<br>) | |

## HOME DEPOT USA, INC.'S
## ANSWER AND JURY DEMAND

Home Depot USA, Inc. ("Home Depot") responds to the plaintiff's complaint as follows:

1.  Home Depot lacks sufficient knowledge and information to admit or deny the allegations in paragraph 1.

2.  Home Depot admits that its principal place of business is 2455 Paces Ferry Road, N.W., Atlanta, Georgia. Home Depot also admits that it operates a retail store at 1213 VFW Parkway, West Roxbury, Massachusetts.

3-4. Denied.

5-6. Paragraphs 5 and 6 state conclusions of law to which no response is required of Home Depot. To the extent that a response is required and to the extent that paragraphs 5 and 6 suggest fault or liability against Home Depot, Home Depot denies the allegations in paragraphs 5 and 6.

## COUNT I
### Negligence v. The Home Depot USA, Inc.

7.  Home Depot repeats and reavers its responses to paragraphs 1 through 6 as if set forth fully herein.

8.  Home Depot admits that certain duties arise by operation of law but deny that they are accurately stated in paragraph 8 and deny any suggestion in paragraph 8 that it breached any applicable duty.

9-11. Denied.

## COUNT II
### Negligence v. The Home Depot, Inc.

12. Home Depot repeats and reavers its responses to paragraphs 1 through 11 as if set forth fully herein.

13-16. Paragraphs 13 through 16 are not directed to Home Depot, therefore no response is required. To the extent that a response is required, Home Depot denies the allegations in paragraphs 13 through 16.

## COUNT III
### Negligence v. The Home Depot Supply, Inc.

17. Home Depot repeats and reavers its responses to paragraphs 1 through 16 as if set forth fully herein.

18-21. Paragraphs 18 through 21 are not directed to Home Depot, therefore no response is required. To the extent that a response is required, Home Depot denies the allegations in paragraphs 18 through 21.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims against Home Depot upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed for lack of service and/or service of process.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries and damages were caused by acts or omissions of third persons over whom Home Depot exercised no control and for whose conduct it bears no responsibility.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery in whole or in part on any theory of negligence because his own conduct caused or contributed to cause the alleged injuries and damages.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries and damages were caused by the intervening and superseding actions of third persons.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery because his conduct alone or in conjunction with the conduct of third parties was the sole proximate cause of his alleged injuries and damages.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff failed to take reasonable and appropriate action to mitigate the injuries and damages he allegedly sustained as a result of the alleged accident.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery because Home Depot had no notice of the condition the plaintiff alleges to have been defective.

## NINTH AFFIRMATIVE DEFENSE

The complaint should be dismissed because the plaintiff has misnamed the defendant.

## JURY DEMAND

Home Depot demands a trial by jury on all issues.

Dated: April 29, 2005

HOME DEPOT USA, INC.
By Its Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

*/s/ James M. Campbell*

James M. Campbell, BBO # 541882
Brian P. Voke, BBO# 544327
Christopher A. Callanan, BBO # 630649
One Constitution Plaza
Boston, MA 02129
617-241-3000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following attorney of record by mail on April 29, 2005.

Barry D. Lang
Zachary B. Lang
Barry D. Lang, M.D. & Associates
One State Street, Suite 1050
Boston, MA 02109

*/s/ Christopher A. Callanan*
Christopher A. Callanan