UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY WILSON,         Plaintiff | |
| v. | CIVIL ACTION NO. 05-CV-10613-MLW |
| HOME DEPOT USA, INC.         Defendant | |

### PLAINTIFF'S INITIAL DISCLOSURE

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2 (A) the plaintiff, Nancy Wilson, hereby makes the following disclosure:

1. ***Rule 26(a)(1)(A):*** **The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

    The plaintiff, Nancy Wilson, provides the following list of persons that she believes have or may have discoverable information relevant to the disputed facts alleged with particularity in the pleadings. Plaintiff's response is based upon information presently available to her and plaintiff reserves the right to supplement this list as discovery progresses. Subject to the above-mentioned qualifications, plaintiff discloses the following persons:

    a.   The plaintiff, Nancy Wilson, 4 Finn Place, Dedham, Massachusetts;

    b.   Maureen Follen, Home Depot USA, Inc., 1213 VFW Parkway, West Roxbury, Massachusetts;

    c.   Regina Garland, Home Depot USA, Inc., 1213 VFW Parkway, West Roxbury, Massachusetts, (617) 327-5000;

    d.   Ralph Souza, Dedham, Massachusetts

e.  Edward Walsh, Roslindale, Massachusetts;

f.  The plaintiff's health care providers, the names are provided in Plaintiff's Medical Disclosure Pursuant to Local Rule 35.1.

2.  ***Rule 26(a)(1)(B):*** **A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody or control of the party and that the disclosing party may use t support its claims or defenses, unless solely for impeachment, identifying the subjects of information.**

The plaintiff, Nancy Wilson provides the following list of documents that she believes are or may be relevant to the disputed facts alleged with particularity in the pleadings. Plaintiff's response is based upon information presently available to her and plaintiff reserves the right to supplement this list as discovery progresses. Subject to the above-mentioned qualifications, plaintiff discloses the following documents:

a.  Medical records related to the injuries suffered by the plaintiff;

b.  Medical bills associated with the care and treatment provided to the plaintiff related to the injuries suffered by her;

c.  Eight (8) photographs of the alleged defect taken on May 25, 2002;

d.  Two (2) photographs of the alleged defect corrected taken on June 2, 2002;

e.  Customer Incident Statement completed by Regina Garland on May 24, 2002;

f.  Customer Authorization for Medical Treatment signed by Regina Garland on May 24, 2002.

All of the above-identified documents may be inspected and/or copied at the inspecting party's request at a mutually agreeable time at the offices of plaintiff's counsel, Paul F. Leavis,

Leavis and Rest, P.C., 83 Central Street, Boston, Massachusetts. In the alternative, at the requesting party's expense, the plaintiff shall have the same photocopied and delivered to said party's counsel, provided that any documents provided by that party to plaintiff will likewise be copied and delivered to plaintiff's counsel at plaintiff's expense.

3. **_Rule 26(a)(1)(C)_: A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

   (a) Plaintiff's medical bills to date exceed $34,000.00 and are itemized in Plaintiff's Medical Disclosure Pursuant to Local Rule 35.1. This sum does not represent the totality of the plaintiff's medical bills as counsel is presently gathering bills for past medical treatment. In addition, the plaintiff remains under active medical treatment and it is expected that the losses incurred for medical expenses will increase.

   (b) Lost Wage information: At the time of the accident, Ms. Wilson, was employed as a dental assistant at the offices of Drs. Bankhead & Groipen DDS, P.C., 1259 Hyde Park Avenue, Hyde Park, Massachusetts. Ms. Wilson was earning an average weekly wage of approximately $450.00. Her last date of employment was January 31, 2004. She is presently remains disabled and has lost wages to date of approximately $46,000.00.

The above-identified medical bills may be inspected and/or copied at the inspecting party's request at a mutually agreeable time at the offices of plaintiff's counsel, Paul F. Leavis, Leavis and Rest, P.C., 83 Central Street, Boston, Massachusetts. In the alternative, at the requesting party's expense, the plaintiff shall have the same photocopied and delivered to said party's counsel, provided that any documents provided by that party to plaintiff will likewise be copied and delivered to plaintiff's counsel at plaintiff's expense.

4. ***Rule 26(a)(1)(D)***: For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

    Not applicable.

The plaintiff,<br>
By her attorneys,<br><br>
/s/ Deborah M. Santello<br>
Paul F. Leavis, BBO #290580<br>
Deborah M. Santello, BBO#555431<br>
Leavis and Rest, P.C.<br>
83 Central Street<br>
Boston, MA  02109<br>
(617) 742-1700

I hereby certify that a true copy of the above document was served upon all counsel of record by first class mail on January 9, 2006

/s/ Deborah M. Santello
Deborah M. Santello