UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NANCY WILSON,<br>　　　　　Plaintiff<br><br>v.<br><br>HOME DEPOT USA, INC.<br>　　　　　Defendant | CIVIL ACTION<br>NO.  05-CV-10613-MLW |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant to Rule 16.1 of the Local Rules of the United States District Court for the District of Massachusetts, the parties in the above-entitled action hereby submit the within Joint Statement.

### Summary of Positions

1.  <u>Plaintiff's Position</u>

Nancy Wilson seeks to recover damages in this negligence action for injuries sustained in an accident at the Home Depot retail store in West Roxbury, Massachusetts on May 24, 2002. Ms. Wilson's injury occurred when Ms. Wilson was moving a shopping cart with her purchases through the parking lot to her vehicle.  The front left wheel of the shopping cart fell into a pothole hidden by water, causing both the cart and Ms. Wilson to fall to the ground.  There will be evidence that the witnessed by Home Depot employee Maureen Foley.

Ms. Wilson alleges that Home Depot was negligent with respect to the maintenance, service and repair of the parking lot.  As a result, a hole was allowed to develop and exist in the parking lot posing risk of injury to patrons to the store.  The plaintiff alleges that the hole was present in the parking lot for sufficient time such that it should have been observed and remedied.  There will be evidence the shortly following the accident, the hole was repaired by or on behalf of Home Depot.

There will medical expert evidence that as a result of the accident, Nancy Wilson sustained serious intervertebral disc to her lumbar spine.  The evidence will show that immediately following the accident, Ms. Wilson was seen emergently at the Caritas Norwood Hospital.  At that time, Ms. Wilson complained of pain in the left hand and low back with radiation of pain down her right leg.  She was diagnosed with left hand contusion and lumbar strain with sciatica, although examination and plain films could not exclude a lumbar disc

herniation.  She was given a splint for her left forearm, prescribed pain medication and instructed to follow-up with her primary care physician.

There will be evidence that Ms. Wilson has been examined and treated by numerous physicians, including specialists in orthopedics, neurosurgery and pain management.  Diagnostic testing of the lumbosacral spine on July 23, 2002 revealed disc herniation with annular tear at L5-S1.  Ms. Wilson was initially treated conservatively with physical and water therapy, chiropractic services, spinal epidural injections and inflammatory and pain medication therapy.  Repeat diagnostic testing confirmed herniation with displacement with the S1 nerve root on the right.

There will be medical expert testimony that Ms. Wilson has undergone three (3) surgical procedures to alleviate her back and radiating pain  1)  microexcision of the herniated disc with decompression of the nerve roots including partial facetectomy. 2)  laminectomy of both L4-5 and L5-S1 and interbody fusion of the L4-L5 and L5-S1 lumbar vertebrae with rod placement and bone graft, and 3) surgical exploration, hematoma evacuation and re-operative foraminotomy at L4 and L5-S1.   The evidence will show that Ms. Wilson had poor and delayed union of the fusion.  There will be testimony that Ms. Wilson also suffers moderate to severe chronic denervation of right lower extremity muscles; moderate to severe chronic denervation in the right L5 nerve root distribution and chronic denervation in the right S1 nerve root distribution.

Ms. Wilson expects the evidence will show that she remains severely disabled with chronic low back pain with radiation to the left, right dropfoot, right calf and foot pain, right neuropathy and weakness of the right lower extremity.  She has diminished sensation in the right foot.  She wears a semi-rigid lumbosacral support brace and ankle support brace for the right leg neuropathy and right dropfoot.  She also utilizes an external spinal stimulator daily and uses a cane for neuropathy in the right foot.   Ms. Wilson  presently manages pain with narcotics, including morphine and Neurontin.  She has difficulty bending, sitting, standing and walking due to pain.  She is unable to drive.  Her sleep is interrupted by pain.

In addition, Ms. Wilson presently suffers from anxiety with generalized anxiety and panic attacks due to her poor medical condition.  She also carries a diagnosis of Depression.  She is tearful, bed-ridden and agoraphobic.  Ms. Wilson is engaged in individual mental health treatment.  She attempts to manage her anxiety, panic attacks and Depression with medication, including Ativan, Wellbutrin, and Nortiptyline.   Ms. Wilson has been declared totally disabled by the Social Security Administration for 1) Failed Back Syndrome, 2) Status post two (2) laminectomies, and 3) Adjustment disorder related to chronic pain.   She is presently forty-eight (48) years of age.

There will be evidence that at the time of the accident, Ms. Wilson was employed as a dental assistant at the offices of Drs. Bankhead & Groipen DDS, P.C. in Hyde Park, Massachusetts. Her work involved both sedentary work and physical activity including assisting with patients, preparing and cleaning examination rooms, inventory and supply ordering.   She was unable to perform her job responsibilities because of excruciating back pain radiating down her right leg.  The pain was worse when she was sedentary.  Ms. Wilson's  last date of

2

employment was January 31, 2004. Available wage and tax information indicates that Ms. Wilson earned $36,119.00 in 2003 which averages to a weekly wage of $695.00. Ms. Wilson has been unable to work since January 31, 2004 - a period of 118 weeks - and has, therefore, $82,010.00 in wages. This loss is ongoing.

Ms. Wilson's medical bills to date exceed $77,000.00. This figure is incomplete as we have not yet received all requested medical bills and Ms. Wilson continues in active treatment.

2.    Defendant's Position

Home Depot USA, Inc. ("Home Depot") expects the evidence to show that the plaintiff caused her own fall by failing to pay sufficient attention to where and how she pushed her shopping cart. Home Depot also expects the evidence to show that the plaintiff's medical and emotional injuries pre-existed her visit to the Home Depot.

## Proposed Discovery Schedule

| | | |
|---|---|---|
| 1. | Motions pursuant to Rules 12, 13, 14, 15, 18 and 19 | Complete |
| 2. | Exchange of documents pursuant to Local Rule 26.1(B) | Complete |
| 3. | Written discovery documents served | Complete |
| 4. | Depositions of named parties and fact witnesses | March 31, 2007 |
| 5. | All motions regarding discovery disputes | April 30, 2007 |
| 6. | Plaintiffs' Expert Disclosure | May 31, 2007 |
| 7. | Deposition of Plaintiffs' Expert Witnesses | July 15, 2007 |
| 8. | Defendant's Expert Disclosure | July 31, 2007 |
| 9. | Deposition of Defendant's Expert Witnesses | August 31, 2007 |
| 10. | Completion of Discovery | August 31, 2007 |
| 11. | Dispositive Motions with Supporting Memoranda | November 15, 2007 |
| 12. | Opposition to dispositive Motions | 14 days after service of motion |

## Settlement

The parties will consider alternative dispute resolution options at an appropriate time after first attempting to settle this case on their own.

3

**<u>Certifications</u>**

The parties have filed their respective Rule 16.1 Certifications.

The plaintiff
By Her Attorneys,

_signature_

Paul F. Leavis, BBO#290580
Deborah M. Santello, BBO #555431
Leavis and Rest, P.C.
83 Central Street
Boston, MA  02109
(617) 742-1700

The defendant
By Its Attorneys,

_signature_

James M. Campbell , BBO #544327
Christopher A. Callanan, BBO #630649
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza
Boston, MA  02129
(617) 241-3000